IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WALTER RAY SEIDEL JR., *MD* and
BRENDA LE SEIDEL,

        Plaintiffs,

v.                                                      No. 2:15-CV-0925-MV-CG

CORY CRAYTON, *et al.*,

        Defendants.

## ORDER GRANTING MOTION TO STAY DISCOVERY

**THIS MATTER** comes before the Court on named Defendants Chief Pete Kassetas and Officer Cory Crayton's ("Defendants") *Motion to Stay Discovery Pending Resolution of Motion on Qualified Immunity* (the "Motion"), (Doc. 27), filed April 13, 2016; *Plaintiffs' Response to Defendants' Motion to Stay Discovery* (the "Response"), (Doc. 33), filed May 2, 2016; and *Defendants' Reply to Plaintiffs' Response to Motion to Stay Discovery Pending Resolution of Motion on Qualified Immunity* (the "Reply"), (Doc. 38), filed May 18, 2016. Because the law favors staying discovery pending disposition of motions based on qualified immunity, the Court will **GRANT** the instant Motion.

Defendants ask the Court to stay discovery in this case pending resolution of *Defendants' First Motion for Summary Judgment*, (Doc. 26), filed April 13, 2016, in which they raise the defense of qualified immunity. Defendants argue that under Supreme Court and Tenth Circuit precedent, when a defendant raises the defense of qualified immunity, discovery should be stayed until that claim is resolved. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992). Plaintiffs argue that the Court should not stay discovery in this case because

there are state law claims pending that are not subject to the qualified immunity defense. (Doc. 33 at 2). Defendants reply that both Plaintiffs' state law claims and claims under 42 U.S.C. § 1983 "arise out of the same operative facts[,]" and that the motion for summary judgment could be dispositive of all of Plaintiffs' claims, including the state law claims. (Doc. 38 at 3).

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). It is an entitlement not to stand trial or face the other burdens of litigation, and acts as an immunity from suit rather than a mere defense to liability. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (internal citations omitted). Indeed, "even such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government." *Id.* (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

The United States Supreme Court has repeatedly "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson*, 555 U.S. 231 (citing *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam)). Accordingly, "[d]iscovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred." *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (internal citations omitted). It follows that when a defendant files a dispositive motion on the basis of qualified immunity, the defendant is normally entitled to a stay of all discovery. *Johnson*

*v. Curry Cty. Juvenile Detention Center*, CV No. 07-58 JP/LFG, *2 (D.N.M. filed July 3, 2007) (citing *Jiron*, 392 F.3d at 414). The policies underlying the stay require that all discovery in the case be stayed, including discovery as to other parties and claims that are unrelated to the question of qualified immunity. *Martinez v. Carson*, 697 F.3d 1252, 1256 (10th Cir. 2012) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 685–86 (2009) (explaining that qualified immunity defendants would not be free from the burdens of discovery if discovery as to other parties in the action proceeded)).

Plaintiffs have not provided the Court with any support for their contention that discovery should not be stayed because Plaintiffs have asserted state law claims as well as Section 1983 claims against Defendants. Both the Supreme Court and the Tenth Circuit have clearly stated that discovery on all claims should be stayed until the threshold questions of immunity are resolved. *Workman*¸958 F.3d at 336. In light of this clear precedent, the Court finds that discovery should not be stayed until the question of qualified immunity is resolved. (Doc. 26).

**IT IS THEREFORE ORDERED** that Defendants' *Motion to Stay Discovery Pending Resolution of Motion on Qualified Immunity*, (Doc. 27), be **GRANTED**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE